**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**ELIZABETH SPIVEY-JOHNSON,**
**formerly known as**
**ELIZABETH PENDERGAST,**

         **Plaintiff,**

  **v.**                                         **Case No. 05-C-0087**

**SM&P,**
**SUPERIOR ELECTRIC,**
**JEFF ULMAN,**
**KEVIN KRAKE,**
**KERRY KRAKE, and**
**NICOLE SERRA,**

         **Defendants.**

## DECISION AND ORDER

On July 18, 2006, the Court informed the plaintiff Elizabeth Spivey-Johnson ("Spivey-Johnson"), formerly known as Elizabeth Pendergast, that it was vacating its prior order indicating that granting Spivey-Johnson's amended motion for appointment of counsel. The Court also ordered that by August 31, 2006, Spivey-Johnson file a short statement explaining her basis for invoking the Court's subject matter jurisdiction.

On July 24, 2006, Spivey-Johnson filed a statement with the Court referencing that order and explaining why she believes the Court has subject matter jurisdiction. Unfortunately, Spivey-Johnson's statement provides an explanation

which is relevant to the question of whether the action is properly brought in this district. Spivey-Johnson has not provided the information relevant to the existence of subject matter jurisdiction.

A person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-89 (1936). The Court provided the following explanation of the question in its February 2, 2006, decision and order:

> The Court's jurisdiction may be invoked under 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It may also be invoked under 28 U.S.C. § 1332, which establishes the Court's jurisdiction in matters of diversity jurisdiction. In order for diversity jurisdiction to lie with the federal courts, two requirements must be met: (1) there must be complete diversity of citizenship between all plaintiffs and all defendants; and (2) "the proper amount in controversy" (currently $75,000) must be sufficiently alleged. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000).

(Decision & Order at 3-4 (E.D. Wis. Feb. 2, 2006.))

The Court indicated that if jurisdiction exists, it would arise under § 1332. *Id.* at 4. To establish the citizenship of the defendants, Spivey-Johnson will need to determine the state(s) of which the individual defendants are citizens and the state(s) of which the defendant businesses are citizens. The question of the citizenship of the defendant businesses is dependant upon the nature of the business

2

which is relevant to the question of whether the action is properly brought in this district. Spivey-Johnson has not provided the information relevant to the existence of subject matter jurisdiction.

A person seeking to invoke federal jurisdiction has the burden of proof to demonstrate at the outset that the federal court has the authority to hear the case. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-89 (1936). The Court provided the following explanation of the question in its February 2, 2006, decision and order:

> The Court's jurisdiction may be invoked under 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It may also be invoked under 28 U.S.C. § 1332, which establishes the Court's jurisdiction in matters of diversity jurisdiction. In order for diversity jurisdiction to lie with the federal courts, two requirements must be met: (1) there must be complete diversity of citizenship between all plaintiffs and all defendants; and (2) "the proper amount in controversy" (currently $75,000) must be sufficiently alleged. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000).

(Decision & Order at 3-4 (E.D. Wis. Feb. 2, 2006.))

The Court indicated that if jurisdiction exists, it would arise under § 1332. *Id.* at 4. To establish the citizenship of the defendants, Spivey-Johnson will need to determine the state(s) of which the individual defendants are citizens and the state(s) of which the defendant businesses are citizens. The question of the citizenship of the defendant businesses is dependant upon the nature of the business

2

entity, e.g., corporation, partnership, limited liability company. If Spivey-Johnson intends to maintain this action, she will need to provide the Court with some basic factual information about the citizenship of the defendants to establish the existence of the Court's jurisdiction over this matter. In responding to this order, Spivey-Johnson may find it helpful to review the Court's February 2, 2006, decision and order in this action.

Dated at Milwaukee, Wisconsin this 28th day of July, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**