UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELIZABETH SPIVEY-JOHNSON,
formerly known as
ELIZABETH PENDERGAST,

    **Plaintiff,**

 v.           Case No. 05-C-0087

SM&P,
SUPERIOR ELECTRIC,
JEFF ULMAN,
KEVIN KRAKE
KERRY KRAKE, AND
NICOLE SERRA,

    **Defendants.**

## DECISION AND ORDER

   The plaintiff Elizabeth Spivey-Johnson ("Spivey-Johnson"), formerly known as Elizabeth Pendergast, filed a fourth amended motion for leave to proceed *in forma pauperis*. The Court is obliged to give Spivey-Johnson's *pro se* allegations, however unartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

   Spivey-Johnson originally sought leave to proceed *in forma pauperis* in this action against defendants SM&P ("SM&P") which has its corporate offices in

Carmel, Indiana, and has offices in Kimberly and Wauwatosa, Wisconsin and other states; Superior Electric[1] ("Superior") of Brownsville, Wisconsin; Jeff Ulman ("Ulman"); Kevin Krake ("Kevin K."); Kerry Krake ("Kerry K."); and Nicole Serra ("Serra"). In her verified complaint, Spivey-Johnson states that she was given a false highline ticket on February 24, 2004, exactly 12 days after she filed charges with the United States Equal Employment Opportunity Commission ("EEOC"). Spivey-Johnson states that WE Energies had contracts with SM&P and Superior, and that the latter two companies went out of their way to draft and execute a fake ticket to assist WE Energies. She states that she was sent to a location almost 60 miles away from her reporting work center and that SM&P, along with its employees, and Superior, willingly assisted WE Energies[2] in issuing her a false ticket. In a "relief amendment" filed on August 9, 2005, Spivey-Johnson asks for an award of one million dollars from each defendant.[3]

In a decision and order issued February 2, 2006, the Court raised the issue of subject matter jurisdiction, and requested that she provide a short statement

---

[1]Spivey-Johnson provided Superior's address in a February 7, 2005, filing.

[2]Spivey-Johnson's submissions indicate she was employed by WE Energies. (*See* Mot. to Include the Attached Docs. filed July 20, 2005, Ex. C (Wisconsin Energy Corp. Employee Ret. Sav. Plan Aff. and Hardship Withdrawal Application).)

[3]Spivey-Johnson's "relief amendment," does not amend her complaint. (*See Decision & Order* 2 n.3 (E.D. Wis. Feb.2, 2006.)

regarding the basis for the Court's jurisdiction.[4] (*See Decision & Order* 3-4 (E.D. Wis. Feb. 2, 2006).) The information that Spivey-Johnson had provided about the defendants caused the Court to question whether it had diversity jurisdiction.[5] Thereafter, the Court specifically requested that Spivey-Johnson provide supplemental information regarding the citizenship of the individual and business defendants. (*See Decision & Order* 1-3 (E.D. Wis. Jul. 28, 2006).)

On August 2, 2006, Spivey-Johnson filed a statement indicating that she only wants to proceed in this action against SM&P. Spivey-Johnson states that she wants to dismiss her claims against Superior, Ulman, Kevin K., Kerry K., and Serra. Spivey-Johnson's request is granted. Spivey-Johnson's motion to proceed *in forma pauperis* against Superior, Ulman, Kevin K., Kerry K., and Serra is dismissed and they are dismissed from this action.

There remains for resolution Spivey-Johnson's motion to proceed *in forma pauperis* against SM&P. In that regard, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or

---

[4] The Court considered and rejected the possibility that the Court had jurisdiction under 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (*See Decision & Order* 4 (E.D. Wis. Feb. 2, 2006).)

[5] The Court noted that for subject matter jurisdiction to arise under the diversity jurisdiction statute, 28 U.S.C. § 1332, two requirements must be met: (1) there must be complete diversity of citizenship between all plaintiffs and all defendants; and (2) "the proper amount in controversy" (currently $75,000) must be sufficiently alleged. (*Id.* (citing *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 977 (7th Cir. 2000).)

3

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

After having twice concluded that Spivey-Johnson had not demonstrated an inability to pay the $150.00 filing fee for her actions, the Court revisited the question and concluded that, based on changed circumstances, Spivey-Johnson had shown that she was unable to afford the cost of filing her action. *See Spivey-Johnson v. WE Energies*, Case No. 05-C-51, *Decision and Order* 4 (E.D. Wis. July 17, 2005.)[6] The Court relies upon those changed circumstances and concludes, that for the purposes of paying the filing fee,[7] Spivey-Johnson is indigent – though, as the Court previously explained more fully, it is a close call. (*See id.*)

Thus, the Court proceeds to the second step of the *in forma pauperis* analysis and asks whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(a)(1)

---

[6]Between January 19, and February 7, 2005, Spivey-Johnson filed 11 actions in this district seeking leave to proceed *in forma pauperis*. (*Spivey-Johnson v. WE Energies*, Case No. 05-C-00051; *Spivey-Johnson v. Paper Allied Industrial Chemical & Energy Workers*, Case No. 05-C-0070; *Pendergast v. Dardy*, Case No. 05-C-00072; *Pendergast v. Buenger*, Case No. 05-C-0074; *Spivey-Johnson v. Howard*, Case No. 05-C-00080; *Spivey-Johnson v. O'Mahar*, Case No. 05-C-00081; *Spivey-Johnson v. Edwards*, Case No. 05-C-00082; *Spivey-Johnson v. UtiliQuest*, Case No. 05-C-00086; *Spivey-Johnson v. SM&P*, Case No. 05-C-00087; *Pendergast v. Haskin & Book Law Firm*, Case No. 05-C-0140; and, *Pendergast v. DeWitt Ross & Stevens S.C.*, Case No. 05-C-00141). In those cases pending as of July 17, 2005, Spivey-Johnson's factual representations relating to her financial status in each case are essentially the same.

[7]The current fee for filing a civil action is $350.

4

Case 2:05-cv-00087-PJG   Filed 08/04/06   Page 4 of 6   Document 28

& (e)(2). "District courts must construe pro se pleadings liberally, . . . The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (*citing Haines v. Kerner*, 404 U.S. 519 (1972)).

In its February 2, 2006, decision and order, the Court posited that Spivey-Johnson may have alleged a state law claim for tortious interference with contract or fraudulent misrepresentation. (*See Decision & Order* 4 (E.D. Wis. Feb. 2, 2006).) Therefore, Spivey-Johnson's amended request for leave to proceed *in forma pauperis* is granted as to an arguable state law claim for tortious interference with contract or fraudulent misrepresentation against SM&P.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Spivey-Johnson's fourth amended motion for leave to proceed *in forma pauperis* against Superior, Ulman, Kevin K., Kerry K., and Serra is **DISMISSED**,

Superior, Ulman, Kevin K., Kerry K., and Serra are **DISMISSED** from this action,

Spivey-Johnson's fourth amended motion for leave to proceed *in forma pauperis* against SM&P is **GRANTED**,

The United States Marshal **SHALL** serve a copy of the complaint, the summons, and this order upon SM&P pursuant to Federal Rule of Civil Procedure 4;

5

Spivey-Johnson is **NOTIFIED** that she is required to send a copy of every paper or document filed with the Court to the opposing party or its attorney(s). Fed. R. Civ. P. 5(a). Spivey-Johnson should also retain a personal copy of each document. If Spivey-Johnson does not have access to a photocopy machine, Spivey-Johnson may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or to the attorney(s) for the defendant;

Spivey-Johnson is further **ADVISED** that failure to make a timely submission may result in the dismissal of this action for failure to prosecute; and,

In addition, the parties **MUST** notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 4th day of August, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**