**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

ELIZABETH SPIVEY-JOHNSON
 f/k/a ELIZABETH J. PENDERGAST,

    Plaintiff,

    v.                                                      Case No. 05-C-0087

SM&P UTILITY RESOURCES, INC.,

    Defendant.

---

## **DECISION AND ORDER**

---

        The plaintiff, Elizabeth Spivey-Johnson[1] filed this action pro se on January 26, 2005, against several defendants, including defendant SM&P. However, by motion filed on August 2, 2006, the plaintiff moved to dismiss all defendants, except defendant SM&P. On August 4, 2006, Chief United States District Judge Rudolph T. Randa, to whom this case was randomly assigned, granted the plaintiff's motion dismissing the other defendants. He also granted the plaintiff leave to proceed in forma pauperis against defendant SM&P. Subsequently, the case was assigned to this court based upon the consent of the parties.

        In her verified complaint, the plaintiff states that she was given a false highline ticket on February 24, 2004, exactly 12 days after she filed charges with the Equal Employment Opportunity Commission (EEOC). She further states that she was sent to a location almost 60 miles form her reporting work center. Although not explicitly stated in the complaint, the plaintiff's submissions indicate that she was employed by WE Energies. See Court's Order

---

[1] The action was initially filed under the plaintiff's former name, Elizabeth Pendergast.

of February 2, 2006, at 2 n.2. The plaintiff states that WE Energies had contacts with defendant SM&P and Superior Electric and that defendant SM&P and Superior Electric knowingly and willingly assisted WE Energies in issuing the fake ticket. She also states that "SM&P and Superior Electric went out of their way to draft and execute a fake ticket to assist WE Energy employees." (Complaint at 5). The plaintiff submits that she repeatedly requested a copy of the highline ticket, but that her requests were ignored and she was refused copies.

The defendant filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, The motion initially was denied by the court. However, by order of October 30, 2006, the court granted the defendant's motion to reinstate its motion to dismiss after the defendant provided notice of the procedural rules to the plaintiff as required by the court's local rules. The defendant's motion to dismiss is fully briefed and will be addressed herein.

## MOTION TO DISMISS

A motion pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to decide whether the plaintiff's pleadings actually state a claim upon which relief can be granted. The well-pleaded allegations in the plaintiff's complaint must be taken as true. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996); Janowsky v. United States, 913 F.2d 393, 395 (7th Cir. 1990). Such allegations must be viewed in the light most favorable to plaintiff. Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996); Travel All Over the World, Inc.,73 F.3d at 1428. Moreover, pro se pleadings must be given a liberal construction. Gregory v. Nunn, 895 F.2d 413, 414 (7th Cir. 1990). A pro se complaint should not be dismissed for a failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson,

355 U.S. 41, 45-6 (1957); Hughes v. Rowe, 449 U.S. 5, 11 (1980); Williams v. Faulkner, 837 F.2d 304, 307 (7th Cir. 1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989).

At the outset, the court notes that, in addressing the plaintiff's fourth amended request to proceed in forma pauperis and amended motion for appointment of counsel, Judge Randa concluded that "despite a liberal construction, Spivey-Johnson's complaint does not allege an arguable claim for relief arising under the Constitution, laws or treaties of the United States." (Court's Order of February 2, 2006 at 4).[2]

In moving to dismiss the complaint, the defendant asserts that the plaintiff has failed to assert any legally viable claim against it and has failed to identify what harm, if any, she has suffered. The defendant maintains that the plaintiff fails to explain its relationship to her claim and why it had a duty to investigate the highline ticket at issue. The defendant further asserts that to the extent the plaintiff's complaint can be construed as stating a negligence claim, it had no duty to investigate the plaintiff's claims. The defendant also states that if the plaintiff is asserting that some action by it caused her unspecified mental trauma, thereby entitling her to compensation for negligent infliction of emotional distress, the plaintiff has not established the requisite basis for such claim.

The defendant states that although the plaintiff asserts that it was on notice of her concerns about the fake highline ticket and failed to adequately investigate the ticket, the plaintiff provides no information as to when she informed SM&P of her concerns and what responses she received. The defendant notes that the plaintiff has carefully documented her correspondence and conversations with WE Energies about the allegedly fake ticket.

---

[2]The court also noted that the "complaint may be construed as alleging state law claims for tortuous interference with contract and/or fraudulent misrepresentation." (Court's Order of February 2, 2006, at 4).

- 3 -

According to the defendant, it was not aware of the plaintiff's concerns about the fake highline ticket until it was served with the plaintiff's complaint and attachments. (Defendant's Reply Brief to Plaintiff's Opposition to SM&P's Motion for Summary Judgment at 9).

In opposing the motion, the plaintiff points out that the defendant acknowledged that that it had investigated the fake ticket and that the ticket, attached to the plaintiff's complaint,[3] is in a different format that the original format used by the defendant. The plaintiff states that despite this awareness, the defendant did not investigate the plaintiff's complaints to clear up why the format was altered and who would have done so. As a result of the defendant's failure to investigate, the plaintiff states that she was subjected to extended mental trauma.

The court has carefully reviewed the plaintiff's complaint and the submissions of the parties. Although not entirely clear, it appears that the plaintiff is asserting that the defendant was negligent in failing to investigate her complaints about the fake ticket. To state a cause of action for negligence, a plaintiff must establish the following elements: 1) a duty of care on the part of the defendant, 2) a breach of that duty, 3) a causal connection between the conduct and the injury, and 4) an actual loss or damage as a result of the injury. Coffey v. City of Milwaukee, 74 Wis. 2d 526, 531, 247 N.W. 2d 132, 135 (Wis. 1976)

In this case, the plaintiff has not established that the defendant had a legal duty to investigate the plaintiff's complaints about the fake ticket. The plaintiff was not employed by the defendant. The plaintiff does not assert that the defendant provided the fake highline ticket to her, and, in fact, the defendant asserts that it did not create the altered format of the highline ticket. The exhibit attached to the complaint does not indicate that the plaintiff had

---

[3]The plaintiff also has provided a copy of the ticket as Exhibit 1 attached to her Response to the Defendant's 2nd Motion to Dismiss.

- 4 -

any contact with the defendant. Rather, she spoke with Kevin Krake, an employee at Superior Electric. Furthermore, the plaintiff fails to specifically identify any compensable injury she suffered as a result of the altered ticket. Therefore, the court concludes that the plaintiff has failed to state an arguable claim of negligence against the defendant.

To the extent that the plaintiff is asserting a claim for negligent infliction of emotional distress, the plaintiff must establish the following elements: 1) that the defendant's conduct fell below the applicable standard of care, 2) that the plaintiff suffered an injury, and 3) that the defendant's conduct was a cause-in-fact of the plaintiff's injury. Bowen v. Lumbermens Mut. Cas. Co., 183 Wis. 2d 627, 517 N.W. 2d 432, 434 (Wis. 1994). In addition, the injury a plaintiff must prove is severe emotion distress. Id. (citing Alsteen v. Gehl, 21 Wis. 2d 349, 124 N.W.2d 312 [1963]).

Here, the plaintiff has not shown that the defendant's conduct fell below the applicable standard of care, nor is there any indication that the defendant's action or inaction caused the plaintiff's injury. The plaintiff merely claims that she was subjected to mental trauma because the defendant failed to investigate the fake ticket. There is no indication that any emotional distress she suffered was severe. See Bowen, 517 N.W. 2d at 434. Thus, despite construing the complaint in the light most favorable to the plaintiff, the court concludes that the plaintiff has failed to state a claim for negligent infliction of emotional distress.

Finally, the court notes that the plaintiff makes reference in her complaint and briefs submitted to the court of possible retaliation for filing an EEOC charge. It appears that the plaintiff is drawing a temporal connection between her EEOC charge and her receipt of the false highline ticket. However, the plaintiff does not assert that she was employed by the defendant so the relevance of these assertions is unclear.

- 5 -

Case 2:05-cv-00087-PJG   Filed 01/08/07   Page 5 of 6   Document 52

In sum, the court has liberally construed the allegations in the plaintiff's complaint and viewed the complaint in the light most favorable to her. Despite such liberal construction, the court concludes that the complaint fails to state any claim on which relief can be granted. Therefore, the defendant's motion to dismiss the complaint will be granted.

### **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion for to dismiss the complaint be and hereby is **granted.** (Docket #47).

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 8th day of January, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

O:\CIV\Spivey-johnson dismiss.wpd    - 6 -

Case 2:05-cv-00087-PJG    Filed 01/08/07    Page 6 of 6    Document 52